UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

Vin Niepsuj,

                              Plaintiff,

     v.

J.G. (O.S. Court No. 2809),

                              Defendant.

**Decision and Order**

18-CV-407V

───────────────────────────────

## I.    INTRODUCTION AND DISCUSSION

*Pro se* plaintiff Vin Niepsuj commenced this case by filing a complaint on April 2, 2018. (Dkt. No. 1.) Plaintiff filed a 99-page amended complaint on October 3, 2018. (Dkt. No. 6.) The allegations of the amended complaint are difficult to understand. Plaintiff appears to be accusing a family-court judge in Ohio of issuing an order of protection in a way that violated the Equal Protection Clause of the Fourteenth Amendment. On November 30, 2018, defendant filed a motion to dismiss the amended complaint for multiple reasons: "lack of personal jurisdiction, improper venue, and failure to state a claim for which relief can be granted, and on the basis of res judicata and statute of limitations." (Dkt. No. 11 at 1.) Defendant's memorandum of law contains a concise summary of what appear to be the aims of the amended complaint:

> Niepsuj's Complaint contains a jumble of allegations, opinion, and legal argument, but at its core, the Complaint relates to a Civil Protection Order (CPO) issued by the Summit County Domestic Relations Court in 2011 and renewed in 2016. The Defendant, Judge Joseph Giulitto, was a visiting judge who renewed the CPO in 2016. Niepsuj appealed the renewal of the CPO and won in the Ohio 9th District Court of Appeals. Mr. Niepsuj was represented by counsel in that appeal. The Court of Appeals held that the trial court had not made the necessary factual findings as required by statute, that it had abused its discretion in renewing the CPO, and vacated the trial court's judgment, thus vacating the CPO. However, there was no assignment of error or finding that Judge Giulitto was acting outside of the scope of his office or that he lacked jurisdiction to make his ruling that renewed the CPO. (See Complaint Exh. 7, Doc. 6, p.86.) Niepsuj now brings this action against Judge

>Giulitto for a declaration by this Court that, in essence, reiterates the decision of the Ohio 9th District Court of Appeals, and declares that the renewal of the CPO in 2016 violated the Plaintiff's First Amendment and due process rights. Oddly, at no point in the Complaint does Niepsuj actually name Judge Giulitto as the defendant, but he alludes to him by stating his initials (J.G.) and stating his Ohio Supreme Court attorney registration number (2809).
>
>Niepsuj is seeking declaratory relief, but not damages. It is clear from the Complaint that all allegations against the Defendant relate to decisions he made in his official capacity as a judge. Niepsuj did not challenge the Constitutionality of the Ohio CPO statute in the prior state court proceedings (Complaint, Exh. 7, Doc. 6, p.86), but he does appear to be challenging it here on an as-applied basis. Niepsuj states in his caption that he is bringing this action pursuant to 42 U.S.C. 1983, but does not cite jurisdiction for declaratory judgment, which appears to be his actual prayer for relief. He prays for the following (as best as can be determined):
>
>1. A general declaration that a CPO must be narrowly tailored.
>
>2. A declaration that the CPO issued in 2016 violated his substantive liberties and procedural due process.
>
>3. That the CPO vacated by the 9th District Court of Appeals be vacated by this Court.
>
>4. A declaration that the 2016 CPO renewal ordered by Judge Giulitto violated the First Amendment and Due Process Clauses of the U.S. and Ohio Constitutions. The Plaintiff is not asking that the CPO statute (Ohio Revised Code 3131.31) be declared unconstitutional, per se.

(*Id.* at 2–3.) A flurry of additional filings then ensued. Plaintiff filed documents that he called a notice of constitutional challenge (Dkt. No. 14); a motion to change venue to the Northern District of Ohio (Dkt. No. 15); a motion to strike (Dkt. No. 17); and a proposed stipulation that would allow the case to proceed (Dkt. No. 19).

At no time has plaintiff explained what this District has to do with Summit County Domestic Relations Court in Akron, Ohio. From the address that plaintiff has listed in his papers, the Court is guessing that plaintiff filed here because he lives in Buffalo, New York, and filing here was physically convenient for him. However, "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 185

2

(1979); *accord, e.g., Crotona 1967 Corp. v. Vidu Bro. Corp.*, No. 09 CIV 10627, 2010 WL 5299866, at *1 (S.D.N.Y. Dec. 21, 2010) ("However, the actions of the plaintiff, which could be construed as an effort to create venue, are simply not an appropriate consideration. The purpose of venue is ordinarily to protect the *defendant* from unfairness or inconvenience."). Venue under 28 U.S.C. § 1391(b) thus is impossible based on plaintiff's domicile. Plaintiff has not given the Court any reason to think that defendant lives in New York. Venue under Section 1391(b)(1) thus seems unlikely. Meanwhile, every event alleged in the amended complaint occurred in Ohio, virtually guaranteeing that any relevant evidence lies there. From the face of the amended complaint, nothing whatsoever connected to this case will be found in New York, making venue under Section 1391(b)(2) unlikely. Since Akron, Ohio has a federal courthouse and lies in the Northern District of Ohio, venue under Section 1391(b)(3) also appears unlikely.

Consequently, whatever happened in Summit County Domestic Relations Court, this case cannot stay here. Plaintiff has included a motion to transfer in his papers. The Court can transfer the case via Decision and Order since transfers are non-dispositive. *See Anscombe Broad. Grp., Ltd. v. RJM Commc'ns, Inc.*, No. 03-CV-0306A(F), 2004 WL 2491641, at *1 n.1 (W.D.N.Y. Nov. 3, 2004); *White Mop Wringer Co. of Canada v. BT Capital Partners, Inc.*, No. 95-CV-565 (RSP/DS), 1997 WL 222380, at *1 (N.D.N.Y. Apr. 29, 1997); *see also Salgado v. NYS Dep't of Corr. & Cmty. Supervision*, No. 13-CV-01108-RJA-MJR, 2018 WL 1663255, at *2 (W.D.N.Y. Apr. 6, 2018) (collecting cases). Defendant would prefer outright dismissal, but his motion to dismiss will be left pending, and transfer to his home district should not cause any prejudice.

## II. CONCLUSION

For the above reasons, the Court grants plaintiff's motion to transfer (Dkt. No. 15) in part. The Clerk of the Court is directed to take the steps necessary to transfer this case to the Northern

3

District of Ohio while leaving defendant's motion to dismiss (Dkt. No. 11) pending.  The Court denies plaintiff's motions (Dkt. Nos. 15, 17) without prejudice to the extent that they seek any other relief.

    SO ORDERED.

                                                          \_\_/s Hugh B. Scott_____
                                                          Hon. Hugh B. Scott
                                                          United States Magistrate Judge

DATED: March 21, 2019