# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT M. NIEPSUJ, | ) | CASE NO. 5:19-cv-2337 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| J.G. (O.S. Court No. 2809), | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion to dismiss filed by defendant, Judge Joseph Giulitto ("Judge Giulitto" or "defendant"), pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6). (Doc. No. 11 ["MTD"].) Plaintiff, Vincent Niepsuj ("Niepsuj" or "plaintiff"), has filed a response in opposition. (Doc. No. 15 ["Opp'n"].) Judge Giulitto filed a reply. (Doc. No. 16 ["Reply"].) For the reasons set forth herein, defendant's motion to dismiss is GRANTED.

## I. BACKGROUND

Niepsuj, proceeding *pro se*, filed this action in the Western District of New York on April 2, 2018. (*See* Doc. No. 1.) He filed an amended complaint on October 3, 2019 (hereinafter "complaint"), naming only "J.G. (O.S. Court No. 2809)" as a defendant.[1] (Doc. No. 6 ["Compl."].) Niepsuj's complaint is difficult to parse but—based on review of the entire record—it appears that Niepsuj's grievances stem from a civil protection order ("CPO") that was issued against him in March 2016 by the defendant, a visiting judge in the Summit County Domestic Relations Court.

---

[1] After receiving the instant motion, it appears "J.G." refers to Judge Joseph Giulitto and "O.S. Court No 2809" represents Judge Giulitto's Ohio State Attorney Registration Number.

Niepsuj appealed the CPO and on August 9, 2017, Ohio's Ninth District Court of Appeals—finding that Judge Giulitto abused his discretion in issuing the order—vacated the CPO. (Compl., Ex. 7[2] at 126–40[3].) Niepsuj then filed this § 1983 action alleging that Judge Giulitto violated his First and Fourteenth Amendment rights by issuing the CPO. (*See* Compl. at 52–53.) Niepsuj also appears to be challenging the constitutionality of Ohio Rev. Code § 3113.31, which governs CPOs.

On November 30, 2018, Judge Giulitto filed the instant motion seeking dismissal on several grounds, including failure to state a claim, improper venue, and lack of personal jurisdiction over him in New York. (*See* MTD at 175–77.) Niepsuj filed a brief opposing the motion to dismiss and, alternatively, asked the New York District Court to dismiss his action without prejudice if the court found that it lacked jurisdiction over the defendant, or to "transfer venue" to the Northern District of Ohio. (*See* Opp'n. at 186.) On March 21, 2019, the District Court for the Western District of New York granted Niepsuj's motion to change venue and transferred the case "to the Northern District of Ohio while leaving defendant's motion to dismiss … pending." (Doc. No. 20 at 234–35.) With the venue and jurisdictional issues remedied, the sole issue before the Court is whether the complaint states a claim upon which relief can be granted under Rule 12(b)(6). It does not.

---

[2] Niepsuj's complaint appends, as Exhibit 7, a copy of the Ohio Ninth District Court Appeals' Decision and Journal Entry vacating the CPO. In ruling on motion to dismiss under Rule 12, courts may consider "the [c]omplaint and any exhibits attached thereto [and] public records … so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Because the Ninth District decision is referred to in the complaint (*see* Compl. at 51) and central to Niepsuj's claims—and because it is a public record—the Court may consider it without converting this motion to one for summary judgment.

[3] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). A court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.] Fed. R. Civ. P. 8(a)(2). Although this standard is liberal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570 (citation omitted).

When considering a motion to dismiss, all allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

---

[4] Both Niepsuj's complaint (*see* Compl. at 50) and opposition (*see* Opp'n at 195, 198) mention "extrinsic fraud" but this fraud argument—to the extent Niepsuj is making one—is entirely unclear and factually deficient. Under Rule 9(b), a party alleging fraud must plead "with particularity the circumstances constituting fraud…." Fed. R. Civ. P. 9(b). Niepsuj has failed to state a claim for fraud, if that was his intent.

## III. DISCUSSION

### A. Mootness[5]

The decision of the Ohio Court of Appeals terminated the controversy in Niepsuj's favor and rendered this action moot. While Judge Giulitto did not move to dismiss for mootness, "'the question of mootness is … one which a federal court must resolve before it assumes jurisdiction.'" *Locke v. Brown*, No. 3:18-cv-697-RGJ, 2019 WL 4675390, at *3 (W.D. Ky. Sept. 25, 2019) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971)).

The only relief Niepsuj seeks in his complaint is declaratory relief in connection with the lawfulness of the CPO and the constitutionality of Ohio Rev. Code § 3113.31. (Compl. at 69.) Although "declaratory relief is available against state courts under § 1983[,]" such claims are only actionable "when a live controversy continues to exist." *Ward v. City of Norwalk*, 640 F. App'x 462, 468 (6th Cir. 2016) (citations omitted). In other words, constitutional standing, mootness, and other jurisprudential doctrines apply to declaratory relief actions. *Cooper v. Rapp*, 702 F. App'x 328, 333 (6th Cir. 2017) (noting that declaratory relief is limited by abstention doctrines and Article III's case-or-controversy requirement).

The mootness doctrine requires that there be a live case or controversy at the time the district court decides the case. *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019); *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) ("A federal court has no authority to render a decision upon moot questions or to declare rules of law that

---

[5] Judge Giulitto moved to dismiss based on judicial immunity, improper venue, lack of personal jurisdiction, res judicata, and statute of limitations. (*See* MTD.) However, the Court need not rule on these alternative grounds for dismissal because the Court finds that Niepsuj's claims are moot.

cannot affect the matter at issue."). If events occur that "deprive the court of its ability to give meaningful relief, then the case is moot and must be dismissed." *Sullivan*, 920 F.3d at 410 (quoting *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004) (internal quotation marks omitted)). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties[.]" *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (internal quotation marks and citation omitted).

While Niepsuj seeks only declaratory relief (Compl. at 48, 69), such relief can only be granted pursuant to a live case or controversy. The Sixth Circuit has explained that

> [W]hen considering the potential mootness of a claim for declaratory relief, the question is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 459 (6th Cir. 2004) (internal quotation marks and citations omitted). At this point, there is no longer a controversy between Niepsuj and Judge Giulitto. The Ohio Court of Appeals terminated the controversy when they entered judgment in Niepsuj's favor and vacated the CPO. (*See* Compl., Ex. 7 at 139.) In fact, Niepsuj acknowledges that he "prevailed on appeal with respect to [the CPO]" and he "does not seek to … challenge the decision…." (Compl. at 48.)

Because there is no live controversy between the parties, a declaratory judgment by this Court would be nothing more than an impermissible advisory opinion. *See Golden v. Zwickler*, 394 U.S. 103, 108, 89 S. Ct. 956, 22 L. Ed. 2d 113 (1969) ("[F]ederal courts … do not render advisory opinions. For adjudication of constitutional issues concrete legal issues, presented in actual cases, not abstractions are required. This is true of declaratory judgments as any other

field.") (internal quotation marks and citation omitted). As such, the controversy is moot, and the Court must dismiss it. *See Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009).

      B.      **Capable of Repetition, Yet Evading Review**

Further, the wrong at issue (*i.e.* the improperly-issued CPO) does not fall within an exception to the mootness doctrine. The "capable of repetition, yet evading review" doctrine recognizes that certain injuries—by their nature—occur and are resolved so quickly that they will almost always be moot prior to adjudication. *Larsen v. U.S. Navy*, 346 F. Supp. 2d 122, 134 (D.C. Cir. 2004) (acknowledging that courts retain jurisdiction over certain injuries that "start and end" more quickly than the judicial process can render a decision). The exception applies where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again[.]" *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462, 127 S. Ct. 2652, 168 L. Ed. 2d 329 (2007) (internal citation and quotation marks omitted).

Niepsuj asserts he seeks a declaratory determination that "he suffered a deprivation of[,] or infringement upon[,] [his] liberty interest … as protection against any future such prosecution." (Compl. at 48 (underlining omitted).) But he has not alleged discernable facts in his pleadings, or in his opposition brief, to suggest he has a reasonable expectation he will be subjected to another improper CPO. Further, CPO's are not typically of such short duration that complaints related to their impropriety will always be moot prior to adjudication. Indeed, the original CPO against Niepsuj lasted five years. Accordingly, Niepsuj has not demonstrated any basis to apply the "capable of repetition, yet evading review" exception to the mootness doctrine.

## IV. CONCLUSION

For the reasons set forth herein, the defendant's motion to dismiss (Doc. No. 11) is GRANTED.

**IT IS SO ORDERED**.

Dated: December 16, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**